RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 04 2015

Abel Acosta, Clerk

November 1, 2015

Mr. Abel Acosta, Clerk
Court Of Criminal Appeals
P.O. BOX 12308
Capitol Station
Austin, TX   78711

Mr. Acosta:

Please find the enclosed Motion For Evidentiary Hearing in Cause
No. WR-79,976-05, Ex parte Honish.

I would ask that you please file this Motion with the Court.  I
thank you for your assistance and consideration in this matter.


Respectfully submitted,


Mark F. Honish
TDCJ# 1745461
Estelle Unit
264 FM 3478
Huntsville, TX   77320

IN THE COURT OF
CRIMINAL APPEALS OF TEXAS

EX PARTE                              §
                                     §
                                     §
MARK F. HONISH                       §  WR-79,976-05
                                     §
                                     §
                                     §

## MOTION FOR EVIDENTIARY HEARING

COMES NOW MARK F. HONISH, Movant pro se, and moves this Court
to hold an evidentiary hearing regarding his Article 11.07 habeas
corpus application before the Court, and would show in support
thereof, the following facts.

## STATEMENT OF FACTS

Movant's 11.07 application was received by this Court on Oct-
ober 16, 2015, after the trial court adopted the State's Conclusi-
ons of Law on October 14, 2015. Movant asks the Court to grant an
evidentiary hearing to expand the record in regard to movant's
claims of the State using perjured testimony to convict, prosecu-
torial misconduct, and ineffective assisatnce of trial and appell-
ate counsel. The State's factual determinations and Conclusions
of Law are not supported within the record, and the fact finding
procedures of the trial court were not adequate to afford a full
and fair hearing of movant's claims.

## GROUNDS IN SUPPORT OF EVIDENTIARY HEARING

Ground Two of 11.07 Application: The prosecution knowingly
used perjured testimony to obtain a conviction. The record on this
claim is clear. A comparison of the bond hearing testimony of Au-
gust 8, 2009, and the suppression hearing and trial testimony in
August of 2011 of Texas Ranger Murphree and Flower Mound Detective
Sullivan, show material portions of their suppression and trial

1

testimony to be perjured. A comparison of the Reporter's Record at 2 RR:75 to 4 RR:42-48,119; for Ranger Murphree, and 2 RR:44-47 to 4 RR:131-133 for Detective Sullivan, prove this claim is factual, and part of the record.

Both officers give completely different versions of their search and seizure activities, and investigative actions in their 2011 sworn testimony, that is exactly the opposite of their 2009 sworn testimony. The perjured testimony is material as it directly involves the officers search and seizure activities raised at suppression, and it was repeated at trial to establish essential elements of the offense. The perjured testimony goes directly to the credibility of these officers with the jury and the court. These officers were members of the prosecution team, making their perjured testimony even more egregious, and it is imputed to the prosecution. **Ex parte Castellano**,863 SW 2d 476(Tx.Cr.App.1993); **Giglio v. U.S.**,405 U.S. 150(1972).

The trial court concluded that movant did not show that the perjured testimony was material, or that it caused harm. Both, materiality, and harm were shown and argued in movant's 11.07 Brief In Support. The fact that the trial court did not even consider ordering affidavits from these officers, in light of their documented perjury, supports movant's argument that the trial court was unreasonable in reaching its Conclusion, and that its fact finding procedures on this claim were not merely inadequate, but non-existent. Movant therefore requests an evidentiary hearing to compel these officers to explain their perjured testimony. In the alternative, movant would ask this Court to order the named officers to provide the court affidavits addressing the perjury allegations.

2

<u>Ground Five of 11.07 Application</u>: Movant's right to due process and a fair trial were violated by the prosecutor's willful misconduct. The prosecutor knowingly used perjured testimony by members of his prosecution team, and failed to correct testimony he knew to be false. The prosecutor coerced State's witness Charlene Elmore to change her testimony from a written statement she gave to police regarding two vehicles she had seen at the crime scene on the night movant's brother was murdered. The prosecutor showed Elmore a picture of movant's truck the day before her testimony, and coerced her to describe movant's truck, not the truck she described in her written statement to police, which was exculpatory for movant. Elmore also states the prosecutor talked to her about how she was confused about what she had seen and described in her written statement to police. (8 RR:21-44) The prosecution was implicit in the State's intentionally and in bad faith, failing to preserve material, exculpatory evidence, when it released movant's truck without the required authorization from the court, only 5 days after it was seized. The State used evidence from the truck extensively at trial, but denied defense access to this material evidence by its intentional release and destruction.

The trial court concluded that movant's mere assertions do not show prosecutorial misconduct. Movant provided ample evidence of these claims in his Brief by showing where the misconduct is documented in the record, and how it harmed him. The trial court's Conclusions in the face of documented, and blatant misconduct by the prosecutor are unreasonable in light of the facts shown in the record, and show the court's fact finding procedures to be inadequate at best. Movant asks for an evidentiary hearing to expand

3

the record on his prosecutorial misconduct claims, and to have the prosecutor held accountable for his unlawful actions.

Grounds Seven and Eight of 11.07 Application: Movant raises ineffective assistance of both trial and appellate counsel in these grounds. Movant's Brief fully documents each claim and cites the applicable portions of the record where available. Movant argues and shows the harm of counsel's deficient performance in each claim, and meets both prongs of Strickland in doing so.

The trial court finds that "applicant's mere assertions are not sufficient proof of his claims," and that he has not shown prejudice caused him by these claims. This Conclusion by the court is unreasonable in light of argument and evidence presented in movant's Brief. The court's Conclusion is not supported by anything other than the mere assertions provided to it by the State. The State did not read movant's brief before filing its proposed Conclusions with the court, and the trial court did not bother to request affidavits from counsel to address these claims. The trial court's Conclusions are unreasonable, and an evidentiary hearing is needed to address these claims, or in the alternative, movant would ask this Court to order trial and appellate counsel to file affidavits addressing movant's ineffective assistance of counsel claims.

## PRAYER

For the foregoing reasons, movant prays this Court grant an evidentiary hearing to hear evidence and expand the record, or in the alternative, order affidavits to be filed by the named police officers, and trial and appellate counsel.

Respectfully submitted,

Mark F. Honish, pro se